*834 OPINION.
Arnold:
The respondent in arriving at the net taxable estate for the purpose of determining estate taxes disallowed the deduction of $100,000, principal amount of the note of decedent paid to Butler University after his death, on the ground that the decedent’s obligation under the note was not incurred for an adequate and full consideration in money or money’s worth. Sec. 303 (a) (1), Revenue Act of 1926.
The facts are not in dispute. The validity of the claim against the estate or the bona fides of the transaction is not questioned. The United States Supreme Court, in Taft v. Commissioner, 304 U. S. 351, *835 held that a promise to pay money to a charitable or educational institution, where the only consideration was a stipulated application of the amount received, does not constitute a claim against the estate contracted for an “adequate and full consideration in money or money’s worth.” This decision is controlling here. That the promise of decedent in the Taft case was evidenced by a letter and herein by a promissory note is of no import.
The petitioners contend that the “University spent $239,384.59 of its own funds in completing the building in 1928”, which constituted a consideration not only adequate and full, but also in cash or money, for the decedent’s promise to pay $100,000 sixty days after his death. There is no basis in the stipulation of facts for the statement that the university spent its own funds in completing the building. It was stipulated that the building- was completed at a cost of $1,139,384.59 and that the value of the real property and stock transferred under the agreement aggregated $900,000. This would leave a balance of $239,384.59. However, it appears from the agreement that the decedent had contributed prior to the execution of the agreement “a substantial amount toward the cost of the college building” and was desirous “to contribute an additional sum sufficient to complete the three buildings, which in effect constitute one large college building now in course of construction.” While the amount previously contributed by decedent is not disclosed, the statement in the contract above referred to is open to the inference that the decedent intended to contribute, and that his contributions covered, the entire cost of the building. The agreement of the university to designate the building by decedent’s name and to inscribe or carve his name above the doorways of the building does not constitute an adequate and full consideration for money or money’s worth. This agreement of the university was not a consideration in the sense of conferring a right or privilege of monetary value upon the decedent in payment or exchange for his contributions. As disclosed by the agreement, the designation of the building by the name of decedent was merely to evidence the university’s appreciation of the decedent’s contributions made prior to and under the agreement and of his interest in the university as a member of the board of directors, executive committee, and building committee.
The $100,000 is not deductible from the gross estate under section 303 (a) (3) of the Revenue Act of 1926 as'a bequest or transfer to or for the use of a corporation operated exclusively for educational purposes. The payment of $100,000 was not made to fulfill a bequest made in decedent’s will. There was no transfer of the $100,000 by decedent during his life. He merely promised to do so. As stated in Taft v. Commissioner, supra, “fulfillment of the promise by the executor does not relate back to the time the promise was made so as to convert her *836 [his] promise into a transfer by her [him].” Turner v. Commissioner, 85 Fed. (2d) 919, and Commissioner v. Bryn Mawr Trust Co., 81 Fed. (2d) 607, cited by petitioner, were decided prior to the Taft case and such decisions were inferentially overruled in the latter case. The United States Supreme Court referred to such decisions as contrary to holdings of the Board and the Circuit Courts that a promise to pay money to a charitable or educational institution, when the only consideration was a stipulated application of the amount received, did not constitute a claim against the estate contracted for an adequate and full consideration in money or money’s worth, notwithstanding the fact that under local law the promise was enforceable, with which view the United States Supreme Court agreed.
The respondent’s disallowance of the deduction of $100,000 is sustained.
Reviewed by the Board.

Decision will be£ntered under Buie SO.

Leech and Mellott dissent.